## MacGLASHAN et al. v. LANGSTON.

### (District Court, N. D. New York. August 9, 1917.)

1. PLEADING ⬅248(4)—AMENDMENT—ALLOWANCE.

Plaintiffs' original complaint was on a note for $2,000, and they moved to file an amended complaint. The amended complaint alleged that plaintiffs were a copartnership; that they entered into a contract whereby defendant agreed to build a machine for the manufacture of beaver board; that defendant agreed to be responsible for the quality and quantity of the output of the machine; that plaintiffs agreed to lend him $2,000, for which he was to execute a note; that, if the machine should be successful, plaintiffs would return the note and apply the amount as part payment on the price, but otherwise defendant should pay the note, together with advances made by another for labor, material, etc.; that, after plaintiffs had loaned defendant the amount agreed, the machine proved unsatisfactory, and plaintiffs were obliged to pay the amount of the third person's advances to defendant, and that he failed and refused to discharge the obligation. *Held*, that the proposed amendment should be allowed, a new cause of action arising out of the same transaction being stated, and it being unnecessary for plaintiffs to set out all the evidentiary facts bearing thereon.

2. PLEADING ⬅251—AMENDMENT—ALLOWANCE.

A proposed amendment must stand or fall on its own allegations and statement, and cannot be supplemented by affidavits as to the facts.

At Law. Action by William F. MacGlashan and Harry S. Lewis, doing business under the firm name of Northern Paper Company, against Samuel M. Langston. On motion to amend plaintiffs' complaint, by asserting additional cause of action of the same nature, kind, and quality as that alleged in the original complaint, and growing out of the same transaction. Motion granted.

Moot, Sprague, Brownell & Marcy, of Buffalo, N. Y., for the motion.

Southworth & Scanlan, of Utica, N. Y., opposed.

RAY, District Judge. The first cause of action of the proposed amended complaint is on a promissory note for the sum of $2,000 dated April 20, 1910, given by the defendant Samuel M. Langston to the Northern Paper Company, a copartnership composed of one MacGlas-

han and one Lewis, but doing business under the name mentioned, Northern Paper Company. The proposed amended complaint contains not only this cause of action, but one alleging the following facts in substance, viz.: That the said MacGlashan and the said Harry S. Lewis were, and now are, a copartnership doing business under the name of Northern Paper Company; that on or about April 16, 1909, the plaintiffs and the defendant entered into a contract whereby the defendant agreed to build for the plaintiffs a certain machine for the manufacture of beaver board for the sum of $3,600, and that in and by said contract the defendant duly promised and agreed that he should be held accountable for the quality and quantity of the output of said machine, and further guarantied that the machine would be free from defects in material, workmanship, and design; that thereafter, and on or about July 20, 1910, the plaintiffs and the defendant entered into a written contract whereby the plaintiffs agreed to loan to the defendant the sum of $2,000, for which defendant was to execute and deliver his promissory note payable three months from date, and it was further agreed that, if at the maturity of the note the machine should be running successfully and doing its work in accordance with the guaranty, plaintiffs would return the note to the defendant, and apply the $2,000 as part payment for the machine, but if said machine did not prove successful and operate according to the guaranty, that the defendant would pay the note at maturity, with interest, "together with advances made by J. P. Lewis for labor, material, transportation charges, advances to salesmen," etc.; that the defendant did build the pasting machine and deliver same to the mill of the J. P. Lewis Company, but that said machine was defective in workmanship, material, and design, and failed to operate in that it would not paste paper boards together and cut the same, and that because of defects the machine has never been operated; that, pursuant to the said agreement of July 20, plaintiffs did loan to defendant the sum of $2,000, and a promissory note therefor was made and delivered by the defendant, and that between the 5th day of February, 1910, and the 1st day of June, 1917, said J. P. Lewis Company advanced and paid the sum of $3,798.36 for labor, material, transportation charges, advances to defendant's workmen and storage of said machine, "which sum plaintiffs were obliged to pay and did pay to said J. P. Lewis Company, and which said sum defendant duly promised and agreed to pay to plaintiffs in and by said contract dated July 20, 1910, but that notwithstanding his said promise defendant has failed, neglected, and refused to pay the said sum of $3,798.36, or any part thereof, and that the whole thereof is now justly due and owing from defendant to plaintiffs."

The plaintiffs demand judgment for $5,799.90, with interest on said $2,000 from the 20th day of July, 1910, and with interest on the balance from June 1, 1917.

[1] The defendant challenges this second proposed cause of action as failing to state a cause of action against the plaintiffs, and that therefore the amendment should not be permitted. But the proposed complaint alleges that in case the machine did not operate as guaranteed,

the defendant agreed to pay plaintiffs, not the Lewis Company, the advances made by J. P. Lewis Company, and alleges that the advances were made and that plaintiffs were compelled to pay said advances and did pay same; and if this be true, it is difficult to understand why, under the contract, the defendant is not liable to the plaintiffs for the advances so made. If the defendant made a contract with the plaintiffs to pay these sums of money advanced by J. P. Lewis Company, and plaintiffs have been compelled to pay same and defendant has not paid same, there is, it seems to me, a clear breach of the contract and the defendant is liable. It is not incumbent on the plaintiffs to set out all the evidence bearing on this subject.

[2] Affidavits have been filed as to the facts, but it seems to me that a proposed amendment to the complaint by way of a new or additional cause of action must stand on its own allegations and statements. If the proposed amendment does not state a cause of action, then, of course, it should not be allowed; but if it does, justice demands that the plaintiffs be allowed to plead same as long as it is a matter on contract, as is the first cause of action, and a cause of action arising out of the same transaction. Such an amendment is in the interests of justice, and would obviate the necessity for another suit between the same parties. I think the amendment should be allowed, and it is so ordered on condition that the plaintiffs pay to defendant, within 10 days after being served with a copy of the order allowing the amendment, $10 costs or to cover the expenses of opposing this motion. The plaintiffs should also serve within the same time their amended complaint.

So ordered.